## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LOVELL FARRIS, SCHAFFER
INVESTMENTS, LLC, A Michigan Limited
Liability Company,

          Plaintiffs,

vs.

JPMORGAN CHASE BANK, N.A., A New
York Corporation, WASHINGTON
MUTUAL BANK, INC., A former New York
Corporation, LPS FIELD SERVICES, INC.,
A Foreign Profit Corporation, FIDELITY
INFORMATION SERVICES, INC., A
Foreign Profit Corporation, JOHN DOE ONE,
individually, JOHN DOE TWO, Individually,
jointly and severally,

          Defendants.

Civil Action No.

Honorable

---

Valerie Moran (P56498)
The Moran Law Firm
Attorney for Plaintiffs
115 N. Center, Suite 203
Northville, MI 48167
(248) 465-9400
Email: vmoranatty@aol.com

Joseph H. Hickey (P41664)
Paul L. Nystrom (P57067)
Dykema Gossett PLLC
Attorneys for JPMorgan Chase Bank, N.A.
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
Email: jhickey@dykema.com
     pnystrom@dykema.com

---

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:    Clerk of the Court
        Valerie Moran, Esq.

       Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, Dykema

Gossett PLLC, hereby removes this action from the Oakland County Circuit Court to the United

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

States District Court for the Eastern District of Michigan, Southern Division.  In support of this

Notice of Removal, Chase states as follows:

     1.     On or about April 26, 2010, this action was commenced against Chase in the

Oakland County Circuit Court.  Copies of the Summons, Complaint and Jury Demand are

attached hereto as <u>Exhibit A</u>.

     2.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is clearly filed within

thirty (30) days of the first date upon which Chase received notice of the pleadings setting forth

the claims for relief upon which this removal is based.

     3.     This case is a civil action for which this Court has original diversity jurisdiction

pursuant to 28 U.S.C. § 1332, because, as set forth more fully below, the amount in controversy

exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and this

action is between citizens of different states.

     4.     Plaintiffs and Defendants are citizens of different states as described below:

     a.     In Paragraph 1 of the Complaint, Plaintiff Lovell Farris admits that he is a resident of Oakland County, Michigan. (*See* Complaint, <u>Exhibit A</u>, ¶1).

     b.     In Paragraph 2 of the Complaint, Plaintiff Schaffer Investments, LLC admits that it is a Michigan Limited Liability Company and that Plaintiff Lovell Farris is a member.  The citizenship of an LLC is determined by the citizenship of its members.  *Vericorr Packaging, LLC v Osiris Innovations Group, LLC*, 501 F.Supp. 2d 989, 991-93 (E.D. Mich. 2007). As stated, Mr. Farris is a resident of Oakland County.  Upon information and belief, there are no other members of Schaffer Investments, LLC.

     c.     At the time this action was commenced, and at all times since, including at the time this Notice of Removal is filed, Chase is a national banking association with its principal place of business in Ohio.  For diversity purposes, national banking associations are deemed citizens of the states designated in their articles of association as their main office.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (citing 28 U.S.C. § 1348). Accordingly, Chase was and is a citizen of the State of Ohio, and is not now and never has been a citizen of the State of Michigan, where this action was brought, within the meaning of 28 U.S.C. § 1332(c).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

d.   Upon information and belief, Defendant LPS Field Services, Inc. ("LPS") is a corporation organized under the laws of Delaware, with its principal place of business in Ohio. *See* Exhibit B, corporate information of LPS, including ¶6 of Answer filed by LPS in case no. 2:09-CV-14094 between these parties.

e.   Upon information and belief, defendant Fidelity Information Services, Inc. ("Fidelity") is a corporation organized under the laws of Arkansas with its principal place of business in Arkansas. *See* Exhibit C, copy of Fidelity's corporate information from the Arkansas Secretary of State's website and the State of Michigan's Department of Energy, Labor & Economic Growth website. While a corporation can be a citizen of two states: (1) its state of incorporation, and (2) the state of its principal place of business, *Freeman v. Unisys Corp.*, 870 F.Supp. 169, 172 (E.D. Mich. 1994) (citing 28 U.S.C. § 1332(c)), Fidelity is a citizen of Arkansas only.

f.   It is unclear whether Plaintiffs seek to name Washington Mutual, Inc. or Washington Mutual Bank, FA as defendant. Upon information and belief, Washington Mutual, Inc., improperly identified by Plaintiffs as Washington Mutual Bank, Inc., is a savings and loan bank holding company and it filed for bankruptcy protection in September 2008. Upon information and belief, Washington Mutual, Inc. was incorporated in the State of Washington and its corporate headquarters are located in Seattle, Washington. *See* Exhibit D, copy of Washington Mutual, Inc.'s corporate information. Washington Mutual, Inc. is the former owner of Washington Mutual Bank, FA. Chase purchased the loans and other assets of Washington Mutual Bank, FA from the Federal Deposit Insurance Corporation, acting as receiver for Washington Mutual Bank, FA and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. §1821(d). Upon information and belief, Washington Mutual Bank, FA was incorporated in California and has its principal place of business in California. *See* Exhibit E, corporate information of Washington Mutual Bank, FA.

g.   While Plaintiffs name "John Doe One" and "John Doe Two" as defendants, these persons have not been identified and they are not parties to this action. The citizenship of Defendants sued under fictitious names is disregarded for removal purposes, 28 U.S.C. § 1441(a). The inclusion of "Doe" defendants in a state court complaint has no effect on removability. Schwarzer, Tashim & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL ¶¶ 2:688-2:689.2 (The Rutter Group 2009). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). *See also Alexander v. Electronic Data Systems, Inc.*, 13 F.3d 940, 948 (6th Cir. 1994) ("It is clear that 'Jane Doe' is a fictitious name . . . and plaintiff never identified the alleged person who was EDS' Personnel Manager in Michigan in [sic] within the time

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

period covered.  Section 1441(a) compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction."); *Universal Communication Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 n. 10 (1st Cir. 2007); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006).

5.     Thus, complete diversity exists because Plaintiffs are citizens of Michigan, Chase is a citizen of Ohio, Defendant LPS is a citizen of Delaware and Ohio, Defendant Fidelity is a citizen of Arkansas, and Defendant Washington Mutual Bank, Inc. is in bankruptcy and is a Citizen of Washington or California in any event, depending on which entity Plaintiffs seek to name.

6.     Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys fees.  Consistent with state court practice, Plaintiffs' Complaint does not specify the precise sum sought as damages.  However, Plaintiffs seek "an amount in excess of $75,000.00 resulting from defendants [sic] intentional and malicious actions."  (*See* Complaint, Exhibit A, ¶57)

7.     A Notice of Filing Notice of Removal and a copy of this Notice of Removal to Federal Court have been filed with the Oakland County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of the same have been served upon counsel for the parties as verified by the attached proof of service.

8.     Based upon the foregoing, Chase is entitled to remove this action to this Court under 28 U.S.C. § 1441, *et seq.*

9.     A prior action between these parties, but involving different property, was removed to this court and assigned to the Honorable Gerald E. Rosen.  *See* Case No. 2:09-CV-14094.

WHEREFORE, Chase respectfully requests that this Court take jurisdiction over this action and grant such other relief as the Court deems proper.

Respectfully submitted,

DYKEMA GOSSETT PLLC


By: /s/ Paul L. Nystrom
Joseph H. Hickey (P41664)
Paul L. Nystrom (P57067)
Attorneys for JPMorgan Chase Bank, N.A.
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700

Date: May 28, 2010

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following:

> Valerie Moran
> The Moran Law Firm
> 115 N. Center, Suite 203
> Northville, MI 48167

By: /s/ Paul L. Nystrom
 Joseph H. Hickey (P41664)
 Paul L. Nystrom (P57067)
 Attorneys for JPMorgan Chase Bank, N.A.
 39577 Woodward Avenue, Suite 300
 Bloomfield Hills, MI 48304
 248-203-0700
 jhickey@dykema.com
 pnystrom@dykema.com

BH01\1159746.1
ID\PLN - 008241/0506

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## INDEX OF EXHIBITS

A.      Summons, Complaint and Jury Demand

B.      LPS Field Services, Inc.'s Corporate Information

C.      Fidelity Information Services, Inc.'s Corporate Information

D.      Washington Mutual, Inc.'s Corporate Information

E.      Washington Mutual Bank, FA's Corporate Information

**EXHIBIT A**

Summons, Complaint and Jury Demand

To order this form, call (517) 373-1111.
Target Information Management, Inc.
04/27/10. 09:05:47 .92040

Approved, SCAO

Original - Court
1st copy - Defendant

OAKLAND COUNTY  **10-109641-CH**

| STATE OF MICHIGAN | | |
|---|---|---|
| JUDICIAL DISTRICT | **SUMMONS AND COMPLAINT** | |
| JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | |

JUDGE JOHN J. MCDONALD
FARRIS,LOVELL  v  JP MORGAN CHA

Court address _____  Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Lovell Farris | v | JP Morgan Chase Bank NA |

Plaintiff's attorney, bar no., address, and telephone no.

VALERIE MORAN P56498
115 N Center #203
Northville MI 48167
248-465-9400

(Defendant stamp: BY: DEPUTY COUNTY CLERK / 2010 APR 26 PM 4:28 / RECEIVED FOR FILING AND COUNTY CLERK)

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a **written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued **APR 26 2010** | This summons expires **JUL 26 2010** | Court clerk **RUTH JOHNSON** |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT.**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _Oakland Circuit_ Court.
The action ☐ remains  ☑ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 09-102262-CH | McDonald (#13) | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| | |
| Place where action arose or business conducted | |

4/26/10
Date _____  Signature of attorney/plaintiff _____

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**COURT**

To order this form, call (517) 372-1211
Target Information Management, Inc.

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | | |
| JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | |

Court address _____ Court telephone no. _____

Plaintiff's name(s), address(es), and telephone no(s).

Lovell Farms et al

v

Defendant's name(s), address(es), and telephone no(s).

LPS Field Services
A Foreign Corporation

Plaintiff's attorney, bar no., address, and telephone no.

Valerie Moran P56458
115 N Center #203
Northville MI 48167
248-465-7400

RECEIVED FOR FILING
OAKLAND COUNTY CLERK
2010 APR 26

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued APR 26 2010 | This summons expires JUL 26 2010 | Court clerk RUTH JOHNSON |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☑ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _Oakland Circuit 09-10-262-CH_ Court.
The action ☐ remains ☑ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _Oakland Circuit 09-10-262-CH_ Court.
The action ☐ remains ☑ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|

Place where action arose or business conducted

| Date 4/26/10 | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

COURT

To order this form, call (517)373-1211
Target Information Management, Inc.

04/27/18. 89:85:47.92842

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
| JUDICIAL DISTRICT | | |
| JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | |

Court address _____ Court telephone no. _____

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
| Lovell Farris et al | | Washington Mutual Bank, Inc |

Plaintiff's attorney, bar no., address, and telephone no.
Valerie Moran P56498
115 N Center #203
Northville MI 48167
248-965-9200

RECEIVED FOR FILING
OAKLAND COUNTY CLERK
2010 APR 26 PM 4:32
BY: _____ DEPUTY COUNTY CLERK

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued APR 26 2010 | This summons expires JUL 26 2010 | Court clerk RUTH JOHNSON |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** .Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☒ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _Oakland_ _07-102060-CH_ Court.
The action ☐ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _Oakland Circuit 07-102060-CH_ Court.
The action ☐ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| | |

| Place where action arose or business conducted |
| |

Date/ 4/26/10 _____ Signature of attorney/plaintiff _____

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b); MCR 3.206(A)

COURT

To order this form, call (517) 337-1213 04/27/10 09:05:47.92843
Target Information Management, Inc.

Approved, SCAO

| Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO. |

Court address | Court telephone no.

Plaintiff's name(s), address(es), and telephone no(s).

*Lovell Farms et al*

v

Defendant's name(s), address(es), and telephone no(s).

*John Doe One*

BY: DEPUTY COUNTY CLERK
2010 APR 26 PM 4:3
RECEIVED FOR FILING
OAK. AND COUNTY CLERK

Plaintiff's attorney, bar no., address, and telephone no.

*Valerie A. Moran P56498*
*115 N. Center #203*
*Northville MI 48167*
*248-465-9400*

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR2.111C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued **APR 26 2010** | This summons expires **JUL 26 2010** | Court clerk | **RUTH JOHNSON** |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☑ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in 09-103262-CH *Oakland Circuit* Court.
The action ☐ remains ☑ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| Place where action arose or business conducted | |

*4/26/10*
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**COURT**

To order this form, call (517) 371-1211
Target Information Management, Inc.

04/27/10 09:35:47.92844

| Approved, SCAO | | | |
|---|---|---|---|
| | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|

| Court address | Court telephone no. |
|---|---|

| Plaintiff's name(s), address(es), and telephone no(s). | Defendant's name(s), address(es), and telephone no(s). |
|---|---|
| *[redacted]*<br>Lovell Farris et al | v | Fidelity Information Services, Inc |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Valerie A. Moran P56498<br>115 N Center #203<br>Northville MI 48167<br>248-465-9400 | RECEIVED FOR FILING OAKLAND COUNTY CLERK<br>2010 APR 26 PM 4:13<br>BY: DEPUTY COUNTY CLERK |

**SUMMONS**  **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued APR 26 2010 | This summons expires JUL 26 2010 | Court clerk RUTH JOHNSON |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☑ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in 09-103302-CH Oakland Circuit Court.
The action ☐ remains ☑ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in 09-102262-CH Oakland Circuit Court.
The action ☐ remains ☑ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

| 4/26/10 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

COURT

To order this form, call (517) 373-121) 94/27/18.89:05:47.92845
Target Information Management, Inc.

Approved, SCAO

| Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.** |

| Court address | Court telephone no. |

| Plaintiff's name(s), address(es), and telephone no(s).<br><br>*Lovell Farris et al* | v | Defendant's name(s), address(es), and telephone no(s).<br><br>*John Doe Two* |

2010 APR 26 PH 4:3(
BY: DEPUTY COUNTY CLERK
RECEIVED FOR FILING
OAK. AND COUNTY CLERK

Plaintiff's attorney, bar no., address, and telephone no.

*Valerie A. Moran P56498*
*115 N. Center #203*
*Northville MI 48167*
*248-465-94(?)*

**SUMMONS** · **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>**APR 2 6 2010** | This summons expires<br>**JUL 2 6 2010** | Court clerk<br>**RUTH JOHNSON** |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☒ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in *09-102260 - CH    Oakland Circuit* Court.
The action ☐ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket number | Judge | Bar no. |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in *09-102260 - CH    Oakland Circuit* Court.
The action ☐ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |

| Place where action arose or business conducted |

| Date<br>*4/26/10* | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

COURT

TII.04/27/10 08:57:54.92813

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LOVELL FARRIS,
SCHAFFER INVESTMENTS, LLC
A Michigan Limited Liability Company                    Case No:          C H
                PLAINTIFFS                              Hon:

vs                                                      OAKLAND    10-109641-CH
                                                        COUNTY

                                                        JUDGE JOHN J. MCDONALD
                                                        FARRIS,LOVELL   v   JP MORGAN CHA

JPMORGAN CHASE BANK, N.A.
A New York Corporation
WASHINGTON MUTUAL BANK, Inc.
A former New York corporation
LPS FIELD SERVICES, INC.
A Foreign Profit Corporation
FIDELITY INFORMATION SERVICES, INC.
A foreigh Profit Corporation
JOHN DOE ONE
individually
JOHN DOE TWO
Individually
        jointly and severally
                DEFENDANTS
_____/

VALERIE MORAN (P 56498)
THE MORAN LAW FIRM
Attorney for Plaintiffs
115 N. Center Suite 203
Northville, MI 48167
Ph: 248-465-9400
_____/

## COMPLAINT AND JURY DEMAND


        NOW COME the Plaintiffs, LOVELL FARRIS and SCHAFFER INVESTMENTS, LLC,

by and through their attorney, VALERIE MORAN and states as follows:

1. Plaintiff, LOVELL FARRIS, is a resident of the County of Oakland, State of Michigan.

2. PLAINTIFF, SCHAFFER INVESTMENTS, LLC, is a Michigan Limited Liability

TII.04/27/18.08:57:54.92814

Company of which Plaintiff, Lovell Farris, is a member and which conducts business in the jurisdiction in which this matter is filed..

3.   Defendant JP MORGAN CHASE, NA, is a National Association Bank, regulated by the Comptroller of the Currency, and, upon information and belief, is a New York Corporation who is conducting business in the County of Oakland, State of Michigan (Defendant JP MORGAN CHASE, N.A. sometimes hereinafter referred to as "CHASE")

4.   Defendant, WASHINGTON MUTUAL BANK, Inc. is, upon information and belief, no longer conducting business and whose assets and loans may now owned by JP MORGAN CHASE BANK, N.A., a New York Corporation. .  (Hereinafter sometimes referred to as WAMU)

5.   Defendant, FIDELITY INFORMATION SERVICES, INC.., is upon information and belief: a Foreign Profit Corporation, conducting business in the County of Oakland, State of Michigan whose State of Michigan. sometimes  referred to as "FIDELITY")

6.   Defendant, LPS FIELD SERVICES, INC.., is upon information and belief: a Foreign Profit Corporation, conducting business in the County of Oakland, State of Michigan whose State of Michigan. (Hereinafter sometimes referred to as "LPS")

7.   Defendants, JOHN DOE ONE and JOHN DOE TWO, upon information and belief is an employee and/or agent of and/ or independent contractor of Defendant FIDELITY and/or some or all of the other Defendants and, who, upon information and belief, resides in the State of Michigan and conducts business in the County of Wayne, State of Michigan.

8.   Plaintiff, SCHAFFER INVESTMENTS, LLC (of which LOVELL FARRIS, is a member) is the owner of the real property which is the subject of this litigation.  **(Exhibit 1 Deed)**

TII.04/27/10.08:57:54.92815

9. Said property is located in Oakland County, State of Michigan is commonly referred to as:

**38 Liberty, Pontiac, MI. The Legal Description is attached (See page 2 of Exhibit 1)**

10.The Defendant WASHINGTON MUTUAL BANK, was the original mortgagee and the

Plaintiff SCHAFFER is the mortgagor on a mortgage which is recorded in Oakland County.

11. Upon information and belief, the mortgage is now held by CHASE as mortgagee due to

the purchase of all WAMU loans and assets and, upon information and belief, said mortgage

and mortgage note are in the possession of mortgagee, Defendant CHASE. **(Mortgage**

**attached as Exhibit 2)**

12. This matter concerns real property located in Wayne County and documents recorded in

Wayne County, therefore jurisdiction is proper.

<u>**COMMON ALLEGATIONS**</u>

13. The Plaintiffs hereby reallege each and every preceding paragraph, as if it had been

fully set forth.

14. On or about April 24, 2009, Defendant JOHN DOES, upon information and belief,

acting on behalf of, or under the instruction of, some of all of the other Defendants, entered

and <u>trespassed</u> onto Plaintiff's property located at 38 Liberty Pontiac, MI <u>without</u> Plaintiff's

prior knowledge or permission.

15. Defendants JOHN DOES, while on site at the property and in violation of Michigan law,

removed locks on the property and changed the locks such that the Plaintiff was locked out of

the property in violation of MCL 600.2918 et seq..

16. While on site at the property, Defendant JOHN DOE, Plaintiff's neighbor arrived and

put Defendant on notice that the property was not vacant and was in fact being cleaned, and

TII.04/27/10.08:57:54.92816

remodeled for a new tenant and that the home contained property within that he intended to remove.

17. Defendant JOHN DOES, refused to cease but advised neighbor they would not change the side door lock to would allow him access through the side door. However, contrary to their representations all locks were changed.

18. Defendant JOHN DOES, while acting on behalf of and/or under the instruction of the other Defendants, advised said handyman that he was from the bank and that Plaintiff's home was in foreclosure in violation of MCL 445.252 et seq.

19. Defendant, JOHN DOES  removed all locks from all doors

20. As a direct and proximate result of the inadequate securing of the property by Defendants the property was vandalized and damaged in a manner including but not limited to:

   a. side door and doorwall damaged by bolts drilled into the door and doorwall
   b. front picture window was broken and window fame damaged by drilling into the Side of the frame
   c. property broken into due to substandard securitization
   d. additional window broken

21. Defendants actions were a clear breach of Plaintiff's mortgage contract of which, upon information and belief, is now held by Defendant CHASE.

22. Defendant JOHN DOES, while acting on behalf of or under the instruction of Defendants, placed a neon orange sticker on the front door in plain view of the public in violation of MCL 445.252(m)

23. Calls to the phone number on the neon orange sticker have, to date, gone unreturned.

24. Plaintiff was humiliated and embarrassed by Defendant's JOHN DOE'S statements and actions which have resulted in questions from neighbors.

TII.04/27/18.08:57:54.92017

## COUNT- I - TRESPASS AND VIOLATION OF MCL 600.2918et seq

25.  The Plaintiffs hereby reallege each and every preceding paragraph, as if it had been fully set forth.

26. On or about April 24, 2009, Defendants and/or Defendant's employee and/or agent trespassed on to Plaintiff's property, and while trespassing, interfered with Plaintiff's lawful possessory interests in the property by removing all locks and padlocked the front entry door and side entry door of the home thereby locking Plaintiff out of the property in violation of MCL 600.2918 et seq.

27.  Said lockout was intentional, reckless and wanton as Defendant was on notice and specifically advised that the property was not vacant, but undergoing repairs and clean up for a new tenant. Despite, this knowledge, Defendant continued removing all locks and the subsequently "secured" the property in a substandard manner resulting in vandalism and damage to the property.

28.  As a result of said trespass and lock out, Plaintiff continues to be denied access to the property and lost the tenant who had planned to rent the property. As a result, Plaintiff was damaged as hereinafter more fully set forth.

29.  As a result of said trespass and lock out, Plaintiff's property was "secured" in a substandard manner which allowed vandals to enter and damage the property which had just been cleaned remodeled for the new upcoming tenant. As a result, Plaintiff was damaged as hereinafter more fully set forth.

## COUNT -II - BREACH OF CONTRACT

30.  The Plaintiffs hereby reallege each and every preceding paragraph, as if it had been

fully set forth.

31. The mortgage contract on the aforementioned property, was entered into by Plaintiffs

and the Defendant WAMU, FA, (now upon information and belief, held by Defendant CHASE).

**(Mortgage attached as Exhibit 2)**

32. Upon information and belief, said contract was entered into in Wayne County, for the

aforementioned residential real property located in Wayne County and said mortgage was

recorded in the Wayne County Register of Deeds.

33. The Defendants have duties to the Plaintiffs as set forth under the terms of said

mortgage.

34. Defendant's, through their acts and omissions breached their duties to Plaintiffs.

35. As a result of the Defendants breach, the Plaintiffs were damaged.

36. As a result of Defendants acts and omissions, Plaintiffs suffered losses and were

damaged as set forth herein.


## COUNT -III - VIOLATIONS OF MICHIGAN DEBT COLLECTION STATUTE
## MCL 445.252et seq


37. The Plaintiffs hereby reallege each and every preceding paragraph as if it had been

fully set forth.

38. The Defendants intentionally made false representations of material fact to

Plaintiffs agent while Plaintiff was on the phone by advising that they could padlock the home as the

house was "on the foreclosure list."

39. Plaintiff, Lovell Farris has been repeatedly and continuously received harassing phone calls

from "Washington Mutual" debt collectors, sometimes more than 10 times per day during both

TII.04/27/10.09:05:47.92819

working and non-working hours.

40.  Plaintiff, Lovell Farris has been "hung up on" by "Washington Mutual" representatives on numerous occasions when he has requested the last name or customer identification number of said representative.

41.  **Defendants actions are improper, malicious, designed to harass and intimidate this senior citizen Plaintiff Farris, (member of Schaffer) and a clear violation of MCL 445.252 *et seq.***

### COUNT - IV- NEGLIGENCE

42.  The Plaintiffs hereby reallege each and every preceding paragraph as if it had been fully set forth.

43. Defendants has a duty to abide by the terms of the mortgage contract.

44. Defendants failed to properly "secure" the property.

45.  Defendants knew or should have reasonably known that such substandard securitization would result in breaking and entering and subsequent damage to the property.

46.  Defendants knew or should have reasonably known that <u>locking Plaintiffs out of the property that contained Plaintiffs belongings and was being remodeled and cleaned and that contained a tenant waiting to move into would damage Plaintiffs.</u>

47.  As a direct and proximate cause of all of the Defendants acts and omissions, Plaintiffs lost the tenant and thereby lost revenues and were damaged.

48.  As a direct and proximate cause of all of the Defendants acts and omissions, Plaintiffs home was vandalized and damaged, thus causing losses and damage to Plaintiffs.

49.  As a direct and proximate cause of all of the Defendants acts and omissions, Plaintiffs were damaged as set forth herein.

TII.04/27/10.09:05:47.92828

## COUNT - V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiffs hereby reallege each and every preceding paragraph as if it had been fully set forth.

51. The Defendant's conduct as set forth above was intentional.

52. The Defendant's conduct as outlined above was extreme, outrageous, and of such a character not to be tolerated by civilized society.

53. Defendant engaged in conduct for an ulterior motive or purpose.

54. Defendant's conduct resulted in severe and serious emotional distress, embarrassment and humiliation.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the manner outlined herein.

## COUNT- V - DAMAGES

56. Plaintiffs hereby re-allege each and every preceding paragraph as if it had been fully set forth.

57. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiffs have been damaged as herein including but not limited to the following:

    a. compensatory damages consequential damages in whatever amount they are found to be entitled including by not limited to damages to credit, loss of time, loss of rent, embarrassment, humiliation, shame and extreme mental worry.

    b. Fair market value of lost property and damage to property as determined pursuant to Michigan Law.

    c. Declaratory and/ or injunctive relief as allowed by applicable statute. Exemplary damages and punitive damages commensurate with the

TII.04/27/10.09:05:47.92821

wrong and the defendant's ability to pay including in an amount in
excess of 75,000.00 resulting from defendants intentional and
malicious actions.

d. Interests, costs, and reasonable and/or actual attorney fees as set forth by
   Applicable statutes, treble damages as allowed by MCL 600.2918 et seq,
   MCL 445.257 et seq or other applicable statutes.

e. Award of monetary and equitable damages and any other damages that
   are fair and in accordance with the evidence produced at trial, but in no
   case less than $75,000.00.

f. Reasonable attorney fees as mandated by MCL 445.257et seq and any other applicable
   statute.

WHEREFORE, the Plaintiffs pray for judgment that is equitable, fair and in accordance with

the evidence produced at trial.

RESPECTFULLY SUBMITTED:

BY: _____
VALERIE A. MORAN (P 56498)
Attorney for Plaintiff
115 Center Street  Suite 203
Northville, MI 48168
Phone: 248-465-9400

Dated: April 23, 2010

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LOVELL FARRIS
SCHAFFER INVESTMENTS, LLC
A Michigan Limited Liability Company
                    **PLAINTIFFS**

vs

Case No:
Hon:

OAKLAND COUNTY 10-109641-CH

JUDGE JOHN J. MCDONALD

FARRIS,LOVELL   v   JP MORGAN CHA

JPMORGAN CHASE BANK, N.A.
A New York Corporation
WASHINGTON MUTUAL BANK, Inc.
A former New York corporation
LPS FIELD SERVICES, INC.
A Foreign Profit Corporation
FIDELITY INFORMATION SERVICES, INC.
A foreigh Profit Corporation
JOHN DOE ONE
individually
JOHN DOE TWO
Individually
        jointly and severally
                    **DEFENDANTS**
                                                    /

VALERIE MORAN (P 56498)
THE MORAN LAW FIRM
Attorney for Plaintiffs
115 N. Center Suite 203
Northville, MI 48167
Ph: 248-465-9400
                                                    /

RECEIVED FOR FILING
OAK. AND COUNTY CLERK

2010 APR 26   PM 4: 25

BY:
DEPUTY COUNTY CLERK

### JURY DEMAND

Now come the Plaintiffs and hereby make a Demand for Jury Trial on each and every

issue of the above entitled cause.

RESPECTFULLY SUBMITTED:

BY:

VALERIE A. MORAN (P 56498)
Attorney for Plaintiff

Dated: April 23, 2010

# EXHIBIT B

LPS Field Services, Inc.'s Corporate Information



Enterprise

Home | About Us | myManta | FAQ | View Cart | My Profile

Login:

Not a member? Learn i

Tuesday, Oct. 27, 2009
**63,778,867 companies**

**New! Premium Repor**
**Search Now on Manta**

**COMPANIES:** U.S., Australia, Canada, U.K., Worldwide

**RESOURCES:** Video, Jobs, Reports, White Papers | **JOIN US:** Twitter, Facebook

U.S. business name, category, location... | Search

**BUSINESS CENTERS:** Small Biz, Sales Expertise, HR, Travel, Care

U.S. » Solon, OH » Other Business Services » Business Services, NEC » Inspection Service » Lps Field Services, Inc

Add Company t
Set Company A

# Lps Field Services, Inc

Is is your company?

These Members

30825 Aurora Rd Ste 140
Solon, OH 44139

**Phone:** (440) 349-1279
**Website:** Information not found (**?**)

Claim This Profile

**Do you?**
SAY SO

Ads by Google

Magnaflux equipment Complete line of ndt products Used equipment & supplies

Part Inspection/Sorting 100% Accurate High Speed/Volume Vision Camera Sorting Services

Mold Removal/Remediation Find 5-Star Rated Mold Services Backed by Our Service Guarantee!

The ads are not affiliated with Lps Field Services, Inc

**Business Categories**
Inspection and testing services in Solon, OH
Business Services, All Other Professional, Scientific, and Technical Services

**Lps Field Services, Inc Business Information**   Claim This Profile
Lps Field Services, Inc is a private company categorized under Inspection Service and located in
Solon, OH. Current estimates show this company has an annual revenue of $530,000 and
employs a staff of approximately 5.

**Also Does Business As**
Information not found (**?**)

**HQ, Branch or Single Location**

Single Location

**Annual Sales** (Estimated)
View Details

**Employees** (Estimated)
5



**Your organization's I**
this time.
**Reason:** The Websens

**URL:** http://view.at
=http://ecnex
=1255&pid=1

**SIC Code and Description**
View Details

**NAICS Code and Description**
541990, All Other Professional, Scientific,
and Technical Services

**Products, Services and Brands**
Information not found (?)

**State of Incorporation**
Information not found

**Years in Business**
11

## Company Contacts

| Contact Name | Gender | |
|---|---|---|
| Mitch Schneider, Vice President | — | Claim This Profile |

Click on the reports tab at the top of the page to research company background, detailed
company profile, credit and financial reports for Lps Field Services, Inc.

*Data above provided by D&B. © Dun and Bradstreet, Inc. All Rights Reserved.*



**Related Links**
Other companie
Field Services,

Companies in tl

Jobs in Solon, (

Recent Visitors

YOU
JOIN NOW

Jim Gare

Companies by Location: Solon, Ohio

Privacy Policy | Refund Policy | Contact Manta | Advertise | Featured Listings | Terms & Conditions | Site Map | Partners

Copyright © 2009, Manta.com.  All Rights Reserved.

Table of Contents

## TABLE OF GUARANTOR REGISTRANTS

| Exact Name of Additional Registrant as Specified in its Charter/Constituent Documents* | State or Other Jurisdiction of Incorporation or Organization | Primary Standard Industrial Classification Code Number | I.R.S. Employer Identification Number |
|---|---|---|---|
| A.S.A.P. Legal Publication Services, Inc. | California | 7389 | 68-0112549 |
| Aptitude Solutions, Inc. | Florida | 7389 | 59-3746614 |
| Arizona Sales and Posting, Inc. | Arizona | 7389 | 86-0711879 |
| Chase Vehicle Exchange, Inc. | Delaware | 7389 | 01-0626014 |
| DOCX, LLC | Georgia | 8732 | 31-1379586 |
| Espiel, Inc. | Delaware | 7371 | 13-3737393 |
| Fidelity National Loan Portfolio Services, Inc. | California | 7389 | 94-1623891 |
| Financial Systems Integrators, Inc. | Delaware | 7389 | 94-3373745 |
| FIS Capital Markets, LLC | Delaware | 7389 | 20-2977448 |
| FIS Data Services, Inc. | California | 7374 | 95-4237556 |
| FIS Tax Services, Inc. f/k/a Fidelity National Tax Services, Inc. | California | 7389 | 95-3932563 |
| FIS Valuation Solutions, LLC f/k/a Hansen Quality, LLC | California | 7389 | 68-0505888 |
| FNIS Flood Group, LLC | Delaware | 7389 | 01-0616963 |
| FNIS Flood of California, LLC | Delaware | 7389 | 01-0616992 |
| FNIS Intellectual Property Holdings, Inc. | Delaware | 7389 | 01-0560719 |
| FNIS Services, Inc. | Delaware | 7389 | 74-3026433 |
| Geotrac, Inc. | Delaware | 7389 | 34-1966375 |
| Indiana Residential Nominee Services, LLC | Indiana | 7389 | 75-3064873 |
| Investment Property Exchange Services, Inc. | California | 6798 | 33-0320249 |
| Lender's Service Title Agency, Inc. | Ohio | 7389 | 25-1372340 |
| LPS Agency Sales and Posting, Inc. | California | 7389 | 94-2882944 |
| LPS Asset Management Solutions, Inc. | Colorado | 7389 | 84-1477780 |
| LPS Field Services, Inc. | Delaware | 8732 | 34-1856603 |
| LPS Foreclosure Solutions, Inc. | Delaware | 7389 | 01-0560689 |
| LPS IP Holding Company, LLC | Delaware | 7389 | 51-0658830 |
| LPS Management, LLC | Delaware | 7389 | 26-1550692 |
| LPS Mortgage Processing Solutions, Inc. | Delaware | 6163 | 51-0658830 |
| LPS National Flood, LP | Delaware | 7389 | 75-2597630 |
| LPS Portfolio Solutions, LLC | Delaware | 7389 | 01-0560689 |
| LRT Record Services, Inc. | Texas | 7389 | 75-2366840 |
| LSI Alabama, LLC | Alabama | 7389 | 25-1896393 |
| LSI Appraisal, LLC | Delaware | 7389 | 90-0172717 |
| LSI Maryland, Inc. | Maryland | 7389 | 52-1956911 |
| LSI Title Agency, Inc. | Illinois | 7389 | 90-0172717 |
| LSI Title Company | California | 7389 | 94-2696070 |
| LSI Title Company of Oregon, LLC | Oregon | 7389 | 94-2696070 |
| LSI Title Insurance Agency of Utah, Inc. | Utah | 7389 | 34-2050114 |
| Maine Residential Nominee Services, LLC | Maine | 7389 | 75-3064874 |
| Massachusetts Residential Nominee Services, LLC | Massachusetts | 7389 | 33-1007581 |
| McDash Analytics LLC | Colorado | 3826 | 95-3932563 |
| National Residential Nominee Services Inc. | Delaware | 7389 | 77-0584282 |
| National Safe Harbor Exchanges | California | 7389 | 77-0558360 |
| NewInvoice, L.L.C. | Georgia | 8721 | 58-2493294 |
| OnePointCity, L.L.C. | Ohio | 7389 | 59-2900658 |
| SoftPro, LLC | Delaware | 7373 | 51-0658830 |
| Strategic Property Investments, Inc. | Delaware | 7389 | 94-3382994 |
| Vermont Residential Nominee Services, LLC | Vermont | 7389 | 73-1644259 |

\* The address for each of the additional registrants is c/o Lender Processing Services, Inc., 601 Riverside Avenue, Jacksonville, Florida 32204, telephone (904) 854-5100. The name and address, including zip code, of the agent for service for each additional registrant is Francis K. Chan, Lender Processing Services, Inc., 601 Riverside Avenue, Jacksonville, Florida 32204, telephone (904) 854-5100.

DLEG - BCS - Corp Div 2 - Database Lookup - Corp Entity Details

**Department of Energy, Labor & Economic Growth**

Working to Create Michigan's Future Today

Michigan The Office of Michig

Michigan.gov Home | DELEG | Sitemap | Contact | Online Services | Agencies | Search

## CORPORATE ENTITY DETAILS

**Searched for:** LPS FIELD SERVICES, INC.

**ID Num:** 60276L
**Entity Name:** LPS FIELD SERVICES, INC.
**Type of Entity:** Foreign Profit Corporation
**Resident Agent:** THE CORPORATION COMPANY
**Registered Office Address:** 30600 TELEGRAPH ROAD STE 2345  BINGHAM FARMS  MI  48025
**Mailing Address:**  MI

**Formed Under Act Number(s):**

**Incorporation/Qualification Date:** 11-20-2008
**Jurisdiction of Origin:** DELAWARE

**Number of Shares:** 1,000

**Year of Most Recent Annual Report:** 09
**Year of Most Recent Annual Report With Officers & Directors:** 09
**Status:** ACTIVE   **Date:** Present

| View Document Images |
|---|

Return to Search Results                    New Search

Michigan.gov Home | DELEG | Contact | State Web Sites | Site Map
Privacy Policy | Link Policy | Accessibility Policy | Security Policy
Copyright © 2001-2008 State of Michigan

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LOVELL FARRIS,
SCHAFFER INVESTMENTS, LLC,
A Michigan Limited Liability Company,

                                              Case No: 09-14094

        Plaintiffs,

v.                                        Hon.: Gerald E. Rosen

JP MORGAN CHASE BANK, N.A.,
A New York Corporation,
WASHINGTON MUTUAL BANK,
Now owned by JP Morgan Chase Bank, N.A.,
A New York Corporation,
WASHINGTON MUTUAL BANK, FA,
A Federal Association, now owned by
JP Morgan Chase Bank, N.A.,
A New York Corporation,
FIDELITY INFORMATION SERVICES, INC.,
A Foreign Profit Corporation,
And JOHN DOE, an individual,
Jointly and Severally,

        Defendants.

| | |
|---|---|
| The Moran Law Firm<br>Valerie Moran (P56498)<br>115 N. Center Suite 203<br>Northville, MI 48167<br>(248) 465-9400 | Potestivo & Associates, P.C.<br>By: Mark E. Bredow (P49744)<br>Attorneys for Defendant LPS Field<br>Services, incorrectly named as<br>Fidelity Information Services, Inc.<br>811 South Blvd. E., Suite 100<br>Rochester Hills, MI 48307<br>(248) 853-4400 |

## DEFENDANT, LPS FIELD SERVICES, INCORRECTLY NAMED AS FIDELITY INFORMATION SERVICES, INC.'S, ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, LPS Field Services, Inc. (incorrectly listed as the Defendant, Fidelity Information Services, Inc. (hereinafter "LPSFS"), by and through its attorney, Potestivo & Associates, P.C., and for its Answer to Complaint states as follows:

1. Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the allegations.

2. Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the allegations.

3. Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the allegations.

4. Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the allegations.

5. Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the allegations.

6. Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,  denies that Fidelity Information Systems, Inc. is properly joined in this cause, denies that it has any involvement whatsoever with this case.  Defendant, LPSFS,  states that Plaintiff has named an incorrect party, Fidelity Information Services, Inc. is an incorrect party, and that LPS Field Services, Inc. (LPSFS) is a proper

defendant. LPSFS is a Delaware Corporation, and is foreign corporation and is a wholly owned subsidiary of Fidelity National Information Services, Inc. (FIS).

7.   Defendant, LPSFS,   denies the allegations in this paragraph for the reason that they are untrue; Defendant, LPSFS,   denies that Fidelity Information Systems, Inc. is properly joined in this cause, denies that it has any involvement whatsoever with this case. LPSFS lacks sufficient information to form a belief as to whether JOHN DOE is and agent or contractor of FIDELITY; LPSFS admits that John Doe is conducts business within Wayne County Michigan.

8.   Defendant, LPSFS,   denies the allegations in this paragraph for the reason that they are untrue. LPSFS denies that Lovell Farris has any interest in the property located at 19401 Harlow, Detroit, Michigan ("the property"). LPSFS admits that Shaefer Investments, LLC formerly had an interest in the property but that states that such interest has been terminated. Shaefer Investments executed a Note and mortgage upon the property; the mortgage was recorded in the Wayne County Register of Deeds at Liber 41493, Page 855. Plaintiff defaulted on the terms of that Note and the mortgagee commenced foreclosure proceedings. On June 3, 2009, the property was the subject of a lawful foreclosure sale and a Sheriffs Deed on Mortgage Foreclosure was recorded at Liber 47976 and Page 641-651, Wayne County Records. The redemption period for this foreclosed property has expired and Affidavit of Abandonment pursuant to MCL 600.3241a, was recorded September 2, 2009, at Liber 48101 and Page 1481-1482 as evidence of the expiration.

9.   Defendant, LPSFS,   admits the allegations in this paragraph.

10.     Defendant, LPSFS,  admits that Washington Mutual Bank, FA was formerly a
mortgagee, but denies that either Plaintiff is a mortgagor at this time for the reasons
stated in paragraph 8 above.

11.     Defendant, LPSFS,  admits the allegations in this paragraph, however Defendant,
LPSFS,  denies that Fidelity Information Systems, Inc. is properly joined in this cause,
denies that it has any involvement whatsoever with this case.

12.     Defendant, LPSFS,  admits the allegations in this paragraph.

13.     LPSFS realleges its forgoing answers as fully restated herein.

14.     Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the
allegations.

15.     Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the
allegations.

16.     Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the
allegations.

17.     Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the
allegations.

18.     Defendant, LPSFS,  neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,  lacks sufficient information to form a belief as to the truth of the
allegations.

09-15334                                                4

19.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

20.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

21.   Defendant, LPSFS,   denies the allegations in this paragraph for the reason that they are
untrue.

22.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

23.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

24.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

25.   Defendant, LPSFS,   denies the allegations in this paragraph for the reason that they are
untrue.

26.   Defendant, LPSFS,   restates its preceding answers as fully restated herein.

27.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

28.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

29.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

30.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

31.   Defendant, LPSFS,   restates its preceding answers as fully restated herein.

32.   Defendant, LPSFS,   admits the allegation.

33.   Defendant, LPSFS,   admits the allegation.

34.   Defendant, LPSFS,   denies that allegation as it relates to LPSFS because it is untrue.
LPSFS owes no duties to Plaintiff's as stated in the mortgage described.

35.   Defendant, LPSFS,   denies that allegation as it relates to LPSFS because it is untrue.
LPSFS owes no duties to Plaintiff's as stated in the mortgage described. With respect to
the other defendants, LPSFS  neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

36.   Defendant, LPSFS,   denies that allegation as it relates to LPSFS because it is untrue.
LPSFS owes no duties to Plaintiff's as stated in the mortgage described and denies that
any duties, if found to exist, were breached. With respect to the other defendants, LPSFS

neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

37.     Defendant, LPSFS,   denies the allegations in this paragraph; With respect to the other defendants, LPSFS  neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

38.     Defendant, LPSFS,   restates its preceding answers as fully restated herein.

39.     Defendant LPSFS denies that it made any misrepresentations to Plaintiff's, and as to the remaining defendants, LPSFS neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

40.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

41.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

42.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.  Defendant, LPSFS,   further states that it not a debt collector. Defendant, LPSFS,   further alleges that the Plaintiffs are not consumers, nor is the "debt" primarily for personal or consumer purposes, and Plaintiff is not a protected person under the statute.

43.     Defendant, LPSFS,   restates its preceding answers as fully restated herein.

44.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

45.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

46.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

47.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

48.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

49.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

50.     Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph;
Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the
allegations.

51.     Defendant, LPSFS,   restates its preceding answers as fully restated herein.

52.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

53.   Defendant, LPSFS,   denies that allegation because it is untrue.

54.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

55.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

56.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

57.    Defendant, LPSFS,   restates its preceding answers as fully restated herein.

58.   Defendant, LPSFS,   neither admits nor denies the allegations in this paragraph; Defendant, LPSFS,   lacks sufficient information to form a belief as to the truth of the allegations.

Wherefore  Defendant LPSFS, incorrectly identified as Fidelity Information Services, Inc.,

hereby requests that the court deny the relief requested, dismiss Plaintiff's complaint in its

entirety as to Fidelity, LPSFS and all other parties defendant, and for such other relief as the

court deems appropriate under the circumstances presented.

Dated: October 15, 2009                    /s/ Mark E. Bredow
                                           Potestivo & Associates, P.C.
                                           By:  Mark E. Bredow (P49744)
                                           Attorney for LPS Field Services, Inc.  incorrectly
                                           identified as Fidelity Information Services, Inc.
                                           811 South Blvd. E, Suite 100
                                           Rochester Hills, MI 48307
                                           (248) 853-4400
                                           mbredow@potestivolaw.com

## **AFFIRMATIVE DEFENSES**

1.   Plaintiff, Lovell Farris lacks an interest in the property that is identified in the suit
     and lacks standing.

2.   Plaintiff, Schaffer Investments, LLC, has lost its interests in the property by
     operation of law and lacks standing.

3.   Plaintiffs have failed to state a claim upon which relief can be granted.

4.   Plaintiff's have failed to join all proper parties in interest.

5.   Plaintiffs' claims are barred by the statute of limitations.

6.   Plaintiffs have failed to mitigate their damages.

7.   Plaintiffs' claims are barred by the doctrine of unclean hands.

8.   Plaintiffs' claims are contrary to public policy.

9.   Plaintiffs' claims are barred by statute.

09-15334                              10

10.     Plaintiffs' claims are barred by the Doctrine of Estoppel.

11.     Plaintiffs' claims are barred by the Doctrine of Accord and Satisfaction.

12.     Plaintiffs' claims are barred by the Doctrine of Consent.

13.     Plaintiffs' claims are barred by the Doctrine of Waiver.

14.     Plaintiffs' claims are barred by the Doctrine of Release.

15.     Plaintiffs' claims are barred by the failure of a Condition Precedent.

16.     Plaintiffs' claims are barred by the failure of a Condition Subsequent.

17.     Plaintiffs' claims are barred by the Statute of Frauds.

18.     Plaintiffs' claims are barred by the Parol Evidence Rule.

19.     Plaintiffs first breached the mortgage contract.

20.     Plaintiffs' damages are the sole result of their own negligence and/or breach of
         contract.

21.     Plaintiffs did not redeem the property within the statutory period.

22.     Plaintiffs' claims are barred by Res Judicata.

23.     There is no genuine issue of material fact and Defendants are entitled to judgment
         or partial judgment as a matter of law.

24.     LPSFS reserves the right to amend its affirmative defenses pursuant to the terms
         of MCR 2.118

Dated: October 15, 2009              /s/ Mark E. Bredow
                                     Potestivo & Associates, P.C.
                                     By:  Mark E. Bredow (P49744)
                                     Attorney for LPS Field Services, Inc.  incorrectly
                                     identified as Fidelity Information Services, Inc.
                                     811 South Blvd. E, Suite 100
                                     Rochester Hills, MI 48307
                                     (248) 853-4400
                                     mbredow@potestivolaw.com

09-15334                                    11

## CERTIFICATE OF SERVICE

I, Nicole L. Soper, state that on the 20th day of October 2009, I served a copy of Defendant, LPS Field Services, Incorrectly Named as Fidelity Information Services, Inc.'s, Answer to Complaint and Affirmative Defenses and this Proof of Service upon:

The Moran Law Firm
Attn: Valerie Moran, Esq.
115 N. Center, Suite 203
Northville, MI 48167

Dykema Gossett PLLC
Attn: Paul L. Nystrom, Esq.
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304

by placing same in a well sealed envelope, First Class Mail, with the proper prepaid postage thereon and depositing same to a USPS receptacle in the City of Rochester Hills, State of Michigan.

Respectfully Submitted

Potestivo & Associates P.C.

/s/ Nicole L. Soper
Nicole L. Soper
Legal Assistant

**EXHIBIT C**

Fidelity Information Services, Inc.'s Corporate Information

Arkansas Secretary of State: Charlie Daniels | Business and Commercial (UCC) Services   Page 1 of 2

Text + | Text -

## BUSINESS AND COMMERCIAL (UCC) SERVICES

### Search Incorporations, Cooperatives, Banks and Ins Companies

Printer Friendly Version

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | FIDELITY INFORMATION SERVICES, IN |
| Fictitious Names | N/A |
| Filing # | 100050067 |
| Filing Type | For Profit Corporation |
| Filed under Act | Dom Bus Corp; 576 of 1965 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | THE CORPORATION COMPANY |
| Agent Address | 124 WEST CAPITOL AVENUE<br>SUITE 1900<br>LITTLE ROCK, AR 72201 |
| Date Filed | 06/15/1967 |
| Officers | LEE A. KENNEDY , President<br>RONALD D. COOK , Vice-President<br>CHARLES H KELLER , Secretary<br>MICHAEL E. SAX , Treasurer<br>RICHARD L COX , Controller<br>ANDREA GERHART , Tax Preparer |
| Foreign Name | N/A |
| Foreign Address | |
| State of Origin | N/A |

**Purchase a Certificate of Good Standing for this Entity**   **Pay Franchise Tax for this corporation**

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

http://www.sosweb.state.ar.us/corps/search_corps.php?DETAIL=114262&corp_type_id=...   10/8/2009



## CORPORATE ENTITY DETAILS

Searched for: FIDELITY INFORMATION SERVICES, INC.

**ID Num:** 616562
**Entity Name:** FIDELITY INFORMATION SERVICES, INC.
**Type of Entity:** Foreign Profit Corporation
**Resident Agent:** THE CORPORATION COMPANY
**Registered Office Address:** 30600 TELEGRAPH ROAD STE 2345  BINGHAM FARMS   MI  48025
**Mailing Address:**

**Formed Under Act Number(s):**

**Incorporation/Qualification Date:** 5-31-1972

**Jurisdiction of Origin:** ARKANSAS

**Number of Shares:** 1,000

**Year of Most Recent Annual Report:** 09
**Year of Most Recent Annual Report With Officers & Directors:** 09
**Status:** ACTIVE   **Date:** Present

View Document Images

Return to Search Results                    New Search

Michigan.gov Home  |  DELEG  |  Contact  |  State Web Sites | Site Map
Privacy Policy  |  Link Policy  |  Accessibility Policy  |  Security Policy
Copyright © 2001-2008 State of Michigan

# EXHIBIT D

Washington Mutual, Inc.'s Corporate Information

# Washington Mutual, Inc

1301 2nd Ave
Seattle, WA  98101-2005

Public, OTO: **WAMUQ**

**Phone:**  (206) 461-2000
**Website:**  Information not found (?)

**Business Categories**

Federal savings banks in Seattle, WA
Savings And Loan Bank, Savings Institutions

**Washington Mutual, Inc Business Information**
Washington Mutual, Inc is a public company categorized under Federal Savings Banks and located in Seattle, WA. Our records show it was established in 1889 and incorporated in Washington. Current estimates show this company has an annual revenue of $25,531,000,000 and employs a staff of approximately 49,403.

**Also Does Business As**
Information not found (?)

**HQ, Branch or Single Location**
Headquarters

**Annual Sales** (Estimated)
$25,531,000,000

**Employees** (Estimated)
49,403

*At this location*
150

**Ticker Symbol and Exchange**
WAMUQ on the OTO

**Stock Quote**

**SIC Code and Description**
6035, Savings Institutions, Federally Chartered

**NAICS Code and Description**
522120, Savings Institutions

**Products, Services and Brands**
Information not found (?)

**State of Incorporation**
Washington

**Years in Business**
121

**Company Contacts**

| Contact Name | Title | Gender |
|---|---|---|
| Robert J Williams Jr | President | — |

**Related Companies**

| Company Name | Category |
|---|---|
| Washington Mutual Bank | Federal Savings Banks in Seattle, WA |
| Washington Mutual | Federal Savings Banks in Seattle, WA |

Case 2:10-cv-12143-SJM-MJH ECF No. Filed 05/28/10 PageID.48 Page 25 of 2

| Washington Mutual | Federal Savings Banks in Seattle, WA |
| Washington Mutual Bank | Federal Savings Banks in Seattle, WA |
| Washington Mutual Bank | Federal Savings Banks in Seattle, WA |

**Related Products**

Companies in this category usually offer:

| Bank Of Hawaii | First National Bank |
| Heritage Bank | First National Bank Of Omaha |
| Bank Of China | Bank America |
| Security Bank | Union Bank |
| Bank Of Oklahoma | Amsouth Bank |

**Related Categories**

People looking for this company were also interested in:

| Federal Reserve Banks | Commercial Banks |
| Savings Institutions | |

*Data above provided by D&B. © Dun and Bradstreet, Inc. All rights Reserved.*

# EXHIBIT E

Washington Mutual Bank, FA's Corporate Information

# Washington Mutual
(American Savings Bank, F A*)

400 E Main St
Stockton, CA  95202-3000  (Stockton-Lodi, CA Metro Area)

**Phone:**   (209) 460-2888
**Website:**  www.washingtonmutual.com*

**Business Categories**

Banks in Stockton, CA
Federal Savings Institution Security Broker/Dealer*, Commercial Banking

**Washington Mutual Business Information**
Washington Mutual is a private company categorized under Federal Savings Banks and located in Stockton, CA. Our records show it was established in 2006* and incorporated in California*. Current estimates show this company has an annual revenue of unknown and employs a staff of approximately 10 to 19.

**Also Does Business As**
American Savings Bank, F A*

**HQ, Branch or Single Location**
Branch

**Annual Sales** (Estimated)
**Employees** (Estimated)
10 to 19
D&B: 16,760*

*At this location*
950*

**SIC Code and Description**
602101, Banks

**NAICS Code and Description**
522110, Commercial Banking

**Parent Company**
Jp Morgan Chase & CO

**Subsidiary**
Washington Mutual Bank

**Products, Services and Brands**
Washington Mutual

**State of Incorporation**
California*

**Years in Business**
4*

**Company Contacts**

| Contact Name | Title | Gender |
|---|---|---|
| Rochelle Brown | Manager | F |

**Related Companies**

| Company Name | Category |
|---|---|
| Financial Center Credit Union | Credit Unions in Stockton, CA |
| Financial Center Credit Union | State Credit Unions in Stockton, CA |
| Washington Mutual Bank | Federal Savings Banks in Stockton, CA |
| Bank of the West | Federal Savings Banks in Stockton, CA |
| Community Trust Credit Union | Credit Unions in Stockton, CA |

**Related Products**

http://www.manta.com/coms2/dnbcompany_dk84br

5/27/2010

Case 2:10-cv-13142-SJM-MJH ECF No. 1 filed 05/88/10    PageID.51    Page 2 of 2

Companies in this category usually offer:

| | |
|---|---|
| Merrick Bank | Internet Banks |
| Guaranty Bank | First National Bank |
| Bank Of Hawaii | Us Bank |
| Bank Atlantic | Bank Of Texas |
| Heritage Bank | Hancock Bank |

## Related Categories

People looking for this company were also interested in:

| | |
|---|---|
| Federal Reserve Banks | Commercial Banks |
| Savings Institutions | |

*Data provided by D&B. © Dun and Bradstreet, Inc. All rights Reserved.*